UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE MURPHY,<br><br>               Plaintiff,<br><br>   v.<br><br>IDAHO GOVERNOR BUTCH OTTER,<br>et al.,<br><br>               Defendants. | Case No. 1:11-cv-00453-LMB<br><br>**INITIAL REVIEW ORDER** |

The Complaint of Mike Murphy (Plaintiff) was conditionally filed by the Clerk of Court due to his status as an inmate and his in forma pauperis request.  The Court now reviews the Complaint to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915A. Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case.[1] (Dkt. 8.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

**ORDER - 1**

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

### A.    Background

Plaintiff earlier brought a federal habeas corpus petition alleging that State of Idaho officials were violating his due process rights under the Constitution and his rights under an international treaty[2] by not considering his application to be transferred to his home country in a timely manner and by considering incorrect information in a non-public forum. (Case No. 3:07-cv-00536-BLW.) Plaintiff's case was dismissed, and Plaintiff's appeal was dismissed as moot by the United States Court of Appeals for the Ninth Circuit, because the Governor denied Plaintiff's request for transfer while the appeal was pending. Plaintiff now brings this §1983 action on similar grounds.

### B.    Applicable Law and Discussion

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or employee to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or any portion thereof which states a frivolous or malicious claim, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is

---

[2] The Convention on the Transfer of Sentenced Persons, March 21, 1983, 35 U.S.T. 2867 ("the Convention"), or under the Treaty Between The United Sates of America and Canada on the Execution of Penal Sentences, March 2, 1977, 30 U.S.T. 6263 ("the Treaty").

**ORDER - 2**

immune from such relief.  *Id*.

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's claim is not a challenge to the fact or duration of his confinement that must be brought under 28 U.S.C. § 2254, but is a challenge to the place of confinement. Thus, jurisdiction under the civil rights statute, 42 U.S.C. § 1983, appears appropriate. *See Nguyen v. Gonzalez*, 2011 WL 3808120 (C.D. Ca. 2011) (similarly concluding).

The Court next reviews whether Plaintiff has stated cognizable claims under § 1983. Plaintiff's civil rights case appears subject to dismissal on the same grounds as stated in the order addressing the merits of the claims in his habeas corpus action. In that action, Chief Judge B. Lynn Winmill reasoned:

> It is well-established that a state prisoner has no constitutional right to be housed in a particular correctional facility.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983).  The Ninth Circuit has determined that the federal courts cannot compel states to follow the Treaty because the states are not parties to the Treaty.  *Hogan v. Koenig*, 920 F.2d 6 (9th Cir. 1990). Following that case by analogy, another district court has determined that the states are not bound by the terms of the Convention.  *Hart v. Wilson*, 1996 WL 371430 (D. Cal. 1996).

> The *Hart* court further determined that "a prisoner has no protected liberty interest in a transfer under the Convention because the decision whether [to] transfer a prisoner is within the executive branch's unfettered discretion."  *Id.* at *2.  As a result, there is "not due process right to such a

transfer." *Id*.  The *Hart* court denied the inmate's claim as legally frivolous.  *Id.*

A due process claim brought under the Treaty is similarly resolved. *See Hogan*, 920 F.2d at 8 (the Treaty expresses no limitations on the basis on which California may decide to require Hogan to serve his sentence in the U.S. rather than his native land).  For these reasons, the Court shall dismiss this case with prejudice.

In addition, the United States Supreme Court recently clarified that where there is no liberty interest, a due process claim does not lie. In *Swarthout v. Cooke,* 131 S.Ct. 859 (2011), the Court clarified the types of due process claims available to prisoners, directing courts to first "ask whether there exists a liberty or property interest of which a person has been deprived," and, "if so," then next to "ask whether the procedures followed by the State were constitutionally sufficient." *Id*. at 861.

In *Nguyen v. Gonzalez*, the district court concluded that the plaintiff had not stated a claim with allegations that prison officials should be compelled to transfer him to Canada:

As the Supreme Court observed in *Olim*, there is no due process liberty interest in transfer on a prisoner's part "[i]f the decisionmaker is not 'required to base its decisions on objective and defined criteria' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all.'" 461 U.S. at 249, 103 S.Ct. at 1747 (citation omitted). If the governing regulations "place no substantive limitations on official discretion," no liberty interest in transfer exists. *Id*.; *see also Bagguley v. Bush*, 953 F.2d 660, 662 (D.C.Cir. 1991) (holding that, because the Convention does not place substantive limits on the discretion of those considering transfer requests, no protected liberty interest in obtaining a transfer to a prisoner's home country exists); *Hogan [v. Koenig]*, 920 F.2d 6, 6 [(9th Cir. 1990)] (the Treaty places no limitations on California official's decisions in response to transfer requests); *Moontri*, 2006 WL 2009072, at *2 (finding that a state prisoner did not have a protected liberty

ORDER - 4

interest in transfer that accrued under the Convention, because the Convention did not place limits on official discretion in making transfer decisions).

2011 WL 3808120 at *5.

Finally, neither the Treaty nor the Convention provides for a private cause of action, meaning that inmates may not bring suit to enforce rights under the treaty or convention. *See U.S. ex. re. Rickard v. Sternes*, 149 F.Supp.2d 437, 451-52 (N.D.Ill. 2001) (collecting cases and also holding that the Convention does not bind a state and "imparts no individual right for a foreign national prisoner to be transferred to his home country," and thus, the prisoner lacked standing to assert an individual right to be transferred); *Coleman v. Reno*, 91 F.Supp.2d 130, 131 (D.D.C. 2000) (the Treaty does not provide a private cause of action).

For all of the foregoing reasons, Plaintiff's Complaint will be dismissed.

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as moot.

2.   Plaintiff's Motion for Appointment of Counsel (Dkt 4) is DENIED as MOOT.

3.   Plaintiff's Motion for Court Order (Dkt. 5) is DENIED as MOOT.

4.    Plaintiff's Complaint (Dkt. 3) is DISMISSED for failure to state a claim

upon which relief can be granted.



DATED:  **January 5, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER - 6**