

**FILED**

**NOT FOR PUBLICATION**

AUG 04 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE MURPHY, | No. 12-35041 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00453-LMB |
| v. | |
| BUTCH OTTER; DIRK KEMPTHORNE; L. LAMONT ANDERSON; PAUL PANTHER; CAROLEE KELLY; IDAHO DEPARTMENT OF CORRECTIONS; IDAHO BOARD OF PARDONS AND PAROLE; STATE OF IDAHO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding

Argued and Submitted July 9, 2014
Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-appellant Mike Murphy appeals the district court's dismissal with prejudice of his pro se complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

Murphy, an inmate in the custody of the Idaho Department of Corrections, brought a 42 U.S.C. § 1983 suit asserting several claims, among them due process claims and an equal protection claim, against Idaho Governor Butch Otter, the Idaho Department of Corrections, and other State defendants. In dismissing the complaint under 28 U.S.C. § 1915A, the district court considered only Murphy's claims that he had a right under various international accords to be transferred to a facility in Canada and a due process right to be so transferred. Murphy contends on appeal that the district court erred in failing to address his due process claim arising out of his alleged mediation agreement with the State of Idaho and his equal protection claim that Mexican nationals were favored in the transfer process. Murphy also argues that the district court erred in denying him any opportunity to amend his complaint.

Although the district court correctly ruled that Murphy has no due process right to a transfer, the court failed to determine whether Murphy stated a due process claim for relief arising out of the State of Idaho's alleged violation of its mediation agreement with Murphy or an equal protection claim based on the

alleged preferential treatment afforded Mexican nationals.  Moreover, a district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (internal quotation marks omitted).  Murphy could potentially allege facts to state both a due process claim based on his mediation agreement, if there was one, and an equal protection claim based on nationality or ethnicity, if facts support such a claim.  *See Smith v. Sumner*, 994 F.2d 1401, 1406 (9th Cir. 1993) (noting that an agreement between a state and an inmate can create a protected liberty interest, the violation of which can give rise to a due process claim); *see also Johnson v. California*, 543 U.S. 499, 502, 509, 515 (2005) (recognizing equal protection claim stemming from race- or ethnicity-based classifications in a correctional setting).  Accordingly, the district court abused its discretion in denying leave to amend.  *See Silva*, 658 F.3d at 1105.

We thus vacate the judgment and remand so that the district court may permit Murphy to amend his complaint to allege, if supporting facts exist, (1) a due process claim arising out of the violation of his mediation agreement with the State of Idaho, and (2) an equal protection claim based on the preferential treatment of certain inmates in the transfer process.  The district court should also provide notice to Murphy of the deficiencies in his complaint "in order to ensure that [he]

uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Murphy's request for judicial notice is denied as unnecessary to the resolution of issues on appeal. *Cf. Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

Murphy shall bear his own costs on appeal.