UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE MURPHY,<br><br>                Plaintiff,<br><br>vs.<br><br>BUTCH OTTER, et al,<br><br>                Defendants. | Case No. 1:11-cv-00453-BLW<br><br>**ORDER** |

      Previously in this case, the Court ordered Defendant Idaho Governor Butch Otter to submit a *Martinez* report and provide documentation relevant to Plaintiff's claim that the State of Idaho entered into a binding contractual agreement or consent decree with him. (Dkt. 24.) Defendant has done so. (Dkt. 29.) Having reviewed Defendant Otter's Report and Plaintiff's Response, the Court concludes that no binding agreement exists from which a liberty interest could arise; hence, this case is subject to dismissal.

      The Supreme Court has held that "[p]rotected liberty interests may arise from two sources-the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quotation marks omitted). The Ninth Circuit has held that a consent decree can create a protected liberty interest because a state

**ORDER - 1**

voluntarily enters into such an agreement, making any right established under it "by any meaningful measure state-created." *Smith v. Sumner*, 994 F.2d 1401, 1406 (9th Cir.1993).

The historical state court records in this matter show that the governor of Idaho, the Idaho Commission of Pardons and Parole, and the Idaho Department of Correction entered into a Memorandum of Understanding (MOU) among themselves to put into place a procedure for foreign nationals of countries who are signatories to various international treaties to petition state officials for a transfer to serve their prison sentences in their native countries. Plaintiff was not a party to the MOU.

The MOU specifically states that it "shall not be construed to create any substantive or procedural rights or benefits of any kind on behalf of an applicant." (Dkt. 29-3, p. 7.) The MOU goes so far as to state that an "applicant is entitled to no rights or benefits whatsoever in the event the parties or any of them fail to comply with any of the procedures set forth in this Memorandum." (*Id.*, p. 8.)  The MOU "Recitals" provide that "the following procedures *should* be followed," indicating that they are not mandatory. (*Id.*, p. 3 (emphasis added).) *See Thompson*, 490 U.S. at 463.

Hence, it is abundantly clear that the MOU is not a "consent decree" and no enforceable rights in Plaintiff arose from the MOU from which a liberty interest could attach. As a result, Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint is subject to dismissal. Because appointment of counsel for Plaintiff would not aid the Court in reaching its decision, Plaintiff's Motion for Appointment of Counsel will be denied.

**ORDER - 2**

## ORDER

**IT IS ORDERED:**

1. The Motion for Appointment of Counsel (Dkt. 23) is DENIED.

2. The Motion for Extension of Time to File a *Martinez* Report (Dkt. 26) is GRANTED.

3. The Complaint is DISMISSED with prejudice.

DATED: July 13, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court